RE: PUBLICLY PLACING PRINTED MATERIAL WHILE AN ELECTION IS IN PROGRESS
WE HAVE RESEARCHED THE TWO QUESTIONS POSED IN YOUR LETTER OF JUNE 6, 1991, REGARDING ELECTION CAMPAIGN SIGNS. I APOLOGIZE FOR THE DELAY IN RESPONDING, BUT I FOUND MYSELF GRATEFULLY ACCEPTING YOUR INITIAL ASSURANCE THAT THERE WAS NO MAJOR HURRY. SOME UNEXPECTED DEADLINES AROSE IN A FEW OF THE LAWSUITS I AM HANDLING, AND I HOPE YOU HAVE NOT BEEN INCONVENIENCED.
YOUR FIRST QUESTION ASKS WHETHER OR NOT OKLAHOMA'S STATUTORY PROVISION AGAINST PUBLICLY PLACING OR EXPOSING PRINTED MATERIAL WITHIN THREE HUNDRED FEET OF ANY BALLOT BOX WHILE AN ELECTION IS IN PROGRESS (26 O.S. 7-108) RESTRICTS ONLY PLACEMENT ON PUBLIC GROUNDS OR ALSO APPLIES TO PLACEMENT IN THE YARD OF A PRIVATE BUSINESS OR PRIVATE CITIZEN. THE WORDING OF THE STATUTE INDICATES THAT THE RESTRICTION IS ON EXPOSURE TO THE PUBLIC FROM ANY LOCATION WITHIN THREE HUNDRED FEET OF THE BALLOT BOX.
YOUR SECOND QUESTION THEN INQUIRES AS TO WHETHER SUCH A REQUIREMENT IS AN IMPERMISSIBLE RESTRICTION ON A CITIZEN'S FIRST AMENDMENT RIGHTS OF FREEDOM OF SPEECH. WE HAVE FOUND NO RULINGS AT THE PRESENT TIME WHICH WOULD RENDER THE STATUTE UNCONSTITUTIONAL. HOWEVER, SOME LAW ON THE QUESTION IS FORTHCOMING. A CASE REGARDING A SIMILAR ISSUE (A STATE PROHIBITION OF THE DISPLAY OF CAMPAIGN MATERIALS WITHIN 100 FEET OF THE ENTRANCE TO POLLING PLACES) IS PENDING BEFORE THE UNITED STATES SUPREME COURT AND IS SET FOR ARGUMENT THE WEEK OF OCTOBER 7, 1991. THE CASE IS BURSON ATTORNEY GENERAL OF TENNESSEE V. FREEMAN, 90-1056.
YOU HAVE OBVIOUSLY RAISED A PERTINENT ISSUE, SINCE THE SUPREME COURT HAS SEEN FIT TO HEAR A SIMILAR CASE. HOPEFULLY, BY THE END OF THIS TERM, THE COURT WILL HAVE PROVIDED SOME GUIDANCE FOR ALL OF US. PLEASE CONTACT OUR OFFICE IF WE CAN BE OF FURTHER ASSISTANCE.
(GAY ABSTON TUDOR) (AMEND 1)